IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL,<br>PMB2026<br>2001 L St., NW, Suite 500<br>Washington, DC 20036<br><br>AMERICAN IMMIGRATION<br>LAWYERS ASSOCIATION<br>1331 G Street NW, Suite 300<br>Washington, DC 20005<br><br>        Plaintiffs,<br><br>        v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528<br><br>U.S. CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br>20 Massachusetts, Ave. NW, Room 4210<br>Washington, DC 20529<br><br>        Defendants. | Civil Action No. 25-1973<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeks to compel Defendants U.S. Department of Homeland Security ("DHS") and its subcomponent U.S. Citizenship and Immigration Services ("USCIS") to disclose records about USCIS' suspension in processing applications to register permanent residence or adjust status to U.S. lawful permanent resident ("Form I-485"), otherwise known as green card applications.

2. On March 25, 2025, a report on CBS News surfaced stating that USCIS had halted the processing of applications for adjustment of status filed by asylees and refugees. The

1

report noted that DHS issued a statement confirming the suspension in processing these types of applications.[1]

3. Neither DHS nor USCIS provided further details about this suspension in processing these types of green card applications.

4. Plaintiffs American Immigration Council ("Council") and the American Immigration Lawyers Association ("AILA") filed separate requests for records under FOIA to DHS and USCIS on April 8, 2025, to inform green card applicants, their attorneys and representatives, and the public at large, about key details of the suspension in processing these types of applications

5. To date, Defendants have not made a determination regarding Plaintiffs' records requests and have failed to produce records.

6. Plaintiffs now bring this FOIA action for injunctive and other appropriate relief.

## JURISDICTION AND VENUE

7. This court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C § 1331 since this action arises under FOIA against an agency of the United States.

8. Under 5 U.S.C § 552(a)(4)(B), the U.S. District Court for the District of Columbia is the proper venue because Plaintiffs' principal places of business are in this district.

## PARTIES

9. Plaintiff Council is a tax-exempt, not-for-profit education and charitable organization under Section 501(c)(3) of the Internal Revenue Code. The Council strives to strengthen the United States by shaping immigration policies and practices through innovative

---

[1] Camilo Montoya-Galvez and Nicole Sganga, *Trump administration pauses some green card applications as part of aggressive vetting efforts*, CBSNEWS, March 25, 2025, https://www.cbsnews.com/news/green-card-applications-trump-administration.

programs, cutting-edge research, and strategic legal and advocacy efforts grounded in evidence, compassion, justice, and fairness.

10. Plaintiff AILA, founded in 1946, is a national, non-partisan, non-profit association with nearly 17,000 members throughout the United States and abroad, including lawyers and law school professors who practice and teach in the field of immigration and nationality law. AILA seeks to promote justice, advocate for fair and reasonable immigration law and policy, and advance the quality of immigration and nationality law and practice.

11. Defendant DHS is an agency of the United States government and an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS is responsible for the enforcement of immigration law in the United States. DHS delegates authority under the Immigration and Nationality Act to administer certain provisions of the law to subcomponents such as USCIS. 8 C.F.R. § 100.1.

12. Defendant USCIS is a subcomponent of DHS and an agency within the meaning of 5 U.S.C. § 552(f)(1). USCIS is the subcomponent tasked with adjudicating applications for adjustment of status filed by noncitizens, unless an immigration judge has jurisdiction to adjudicate an application. 8 C.F.R. § 245.2(a)(1).

## STATEMENT OF FACTS

### I. Adjustment of Status Applications

13. Adjustment of status is the process by which eligible noncitizens may apply in the United States for lawful permanent residence. 8 U.S.C. § 1255; 8 C.F.R. § 245.1(a). This process is also known as applying for a green card.

14. Individuals eligible for adjustment of status must file Form I-485 with USCIS to begin the process, unless they are subject to the jurisdiction of an immigration judge. 8 C.F.R. § 245.2(a).

15. On the USCIS webpage listing the green card eligibility categories, the agency states that asylees may be eligible to apply for a green card if they were granted asylum at least one year ago and that refugees may be eligible to apply if they were admitted into the United States as refugees at least one year ago. Accordingly, green card applicants under these categories have lawful status in the United States prior to filing their applications.

16. The filing fee for Form I-485 is $1,440. However, refugees are exempt from paying this fee.

17. According to a USCIS' quarterly report on service-wide forms, the agency received 38,452 green card applications filed by refugees and people granted asylum (asylees) between October 1, 2024, and December 31, 2024. The report also indicates that USCIS had 117,850 pending applications for adjustment of status from these two categories of applicants. USCIS' latest report to Congress with data on adjustment of status applications, published on June 4, 2025, shows that the agency received 14,953 applications from asylees and refugees in April 2025 and that there were 132,729 applications from these two types of applicants are pending.

18. USCIS' Policy Manual states that individuals approved for permanent residency through the adjustment of status process gain significant privileges, rights, and responsibilities that invoke a commitment to greater assimilation in the United States and may access a pathway to U.S. citizenship.

## II.   USCIS' Temporary Suspension in Processing Green Card Applications Filed by Refugees and Asylees

19. Upon taking office, President Trump signed Executive Order 14161 on January 20, 2025. Exec. Order 14161, 90 Fed. Reg. 8451 (Jan. 30, 2025). The executive order instructed the DHS Secretary to, among other tasks, re-establish a uniform baseline for screening and vetting standards and procedures that will be used for noncitizens seeking immigration benefits of any kind and vet and screen to the maximum degree possible all noncitizens seeking admission, entry, or already in the United States. *Id.*

20. The March 25, 2025 CBS News article reported that anonymous sources familiar with the policy told the reporter that USCIS implemented the suspension in the processing of green card applications filed by certain individuals, including refugees and individuals granted asylum.

21. The article also stated that DHS confirmed the suspension in a statement, which also confirmed that the processing pause was needed in part to comply with Executive Order 14161.

22. After the media outlet published this initial report, numerous other media outlets reported on the suspension.

23. Upon information and belief, neither DHS nor USCIS have published information about the suspension in processing green card applications filed by refugees and asylees.

## III.   Plaintiffs' FOIA Requests

   a.   *FOIA Request to DHS*

24. On April 8, 2025, Plaintiffs filed a request for records under FOIA with DHS to uncover details about Defendants' implementation of this suspension in processing green card

applications. Plaintiffs sought the records to contribute to the public's understanding of the suspension and informed Defendant of their plan to disseminate the records obtained through their networks of immigration attorneys and the public at large.

25. The request to DHS sought generally: 1) a copy of the statement DHS provided to media outlets about the suspension in processing green card applications; 2) records maintained by certain DHS staff since January 20, 2025, regarding the statements to the press and the implementation of the suspension; and 3) guidance documents to agency staff created since January 20, 2025, about both the suspension of processing green card applications and vetting procedures. A complete copy of the request to DHS is marked as *Exhibit A*.

26. Plaintiffs also requested that the agency grant a fee waiver of any applicable fees, outlining Plaintiffs' eligibility for a fee waiver under 6 C.F.R. § 5.11(k).

27. Defendant DHS acknowledged receipt of Plaintiffs' request on April 8, 2025, via email dated April 10, 2025. The April 10 email designated the request as reference no. 2025-HQFO-03408. A complete copy of the April 10 email is marked as *Exhibit B*.

28. In its April 10 email, Defendant DHS also "conditionally" granted Plaintiffs' fee waiver request. The conditional grant of Plaintiffs' fee waiver deferred DHS' fee waiver determination until it conducted a two-hour search and processed 100 pages of records at no charge. Defendant DHS then would review the records identified, and at that point, determine whether to deny Plaintiffs' fee waiver in full or allow for a percentage reduction in the fees corresponding to the materials that met the fee waiver factors. *See Exhibit B*.

29. On April 23, 2025, Plaintiffs appealed the conditional grant of Plaintiffs' fee waiver, arguing that Plaintiffs, and the records requested, met all of the regulatory factors

outlined in 6 C.F.R. § 5.11(k). Defendant DHS received the appeal on April 28, 2025. A complete copy of Plaintiffs' appeal and receipt confirmation is marked as *Exhibit C*.

30. As of this filing, Defendant DHS has not responded to Plaintiffs' administrative appeal of the agency's determination to not grant a full fee waiver.

31. As of this filing, Defendant DHS has not made a determination as to Plaintiffs' request for records and has not produced responsive records.

32. The DHS electronic portal available to track the status of FOIA request shows that the status of Plaintiffs' request is "Searching for Records."

    b.    *FOIA Request to USCIS*

33. On April 8, 2025, Plaintiffs also filed a request for records under FOIA with USCIS to uncover details about Defendants' implementation of this suspension of processing green card applications. Plaintiffs sought the records to contribute to the public's understanding of the suspension and informed Defendant of their plan to disseminate the records obtained through their networks of immigration attorneys and the public at large.

34. The request sought generally: 1) records maintained by specific officials at USCIS regarding DHS' statements to the press about the suspension of processing green card applications and USCIS' implementation of the suspension; and 2) guidance documents created by USCIS since January 20, 2025, instructing agency staff about implementation of the suspension in processing green card applications and vetting procedures applicable to these applications. A complete copy of the request to USCIS is marked as *Exhibit D*.

35. USCIS acknowledged receipt of Plaintiffs' FOIA request on April 8, 2025, via an email dated April 15, 2025. Defendant USCIS assigned control number COW2025002537 to Plaintiffs' request.

36. In the April 15 email, Defendant USCIS informed Plaintiffs that the agency granted their request for a fee waiver.

37. Defendant USCIS also informed Plaintiffs in its April 15 email that the agency invoked the ten business-day extension to make a determination on Plaintiffs' request under 5 U.S.C. § 552(a)(6)(B).

38. As of this filing, Defendant USCIS has not made a determination as to Plaintiffs' request for records and has not produced responsive records.

39. The USCIS electronic portal available to track the status of FOIA request shows that the status of Plaintiffs' request is "In Process."

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: FAILURE TO CONDUCT A REASONABLE SEARCH

40. Plaintiffs hereby incorporate, as fully set forth herein, each and every allegation contained in paragraphs 1-39 above.

41. Plaintiffs have a legal right under FOIA for Defendants DHS and USCIS to conduct reasonable searches for records responsive to Plaintiffs' FOIA requests. 5 U.S.C. § 552(a)(3)(C).

42. Defendants have not conducted reasonable searches for records responsive to Plaintiffs' request.

43. Defendants' failure to conduct reasonable searches for these records violates FOIA. *Id.*

### SECOND CLAIM FOR RELIEF: FAILURE TO MAKE RESPONSIVE RECORDS PROMPTLY AVAILABLE

44. Plaintiffs hereby incorporate, as fully set forth herein, each and every allegation contained in paragraphs 1-39 above.

45. Plaintiffs have a legal right under FOIA to promptly obtain the records sought in their FOIA requests. *Id.* § 552(a)(3)(A).

46. As of the date of this filing, Defendants have not made any records responsive to Plaintiffs' FOIA requests available.

47. Defendants' failure to make these records available to Plaintiffs to date has no legal basis and violates FOIA. *Id.*

### THIRD CLAIM FOR RELIEF: DENIAL OF A FULL FEE WAIVER AS TO DEFENDANT DHS

48. Plaintiffs hereby incorporate, as fully set forth herein, each and every allegation contained in paragraphs 1-39 above.

49. Defendant DHS may not assess any search fees because the agency has failed to comply with the time limits established in 5 U.S.C. § 552(a)(6). *See id.* § 552(a)(4)(A)(viii)(I).

50. Plaintiffs are also entitled to a full waiver of fees under FOIA because disclosure of the records sought is in the public interest—the records will contribute significantly to the public understanding of the Defendant DHS' operations, and the requests are not primarily in Plaintiffs' commercial interest. *See id.* § 552(a)(4)(A)(iii). Plaintiffs meet all the factors required by the regulations authorizing the approval of a fee waiver. *See* 6 C.F.R. § 5.11(k).

51. Defendants DHS' failure to grant Plaintiffs' fee waiver violates the FOIA and its implementing regulations.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court grant the following relief:

  a. Assume jurisdiction over the matter;

  b. Grant Plaintiffs a full fee waiver for their request before Defendant DHS.

9

c. Order Defendants to conduct a reasonable search for all records responsive to Plaintiffs' April 8, 2025, FOIA requests pursuant to 5 U.S.C. § 552(a)(3)(C);

d. Order Defendants to make a determination on Plaintiffs' April 8, 2025, requests;

e. Order Defendants to process and disclose responsive non-exempt records in their entirety and make them promptly available to Plaintiffs;

f. Review any and all of Defendants' decisions to redact or withhold information in responsive records as exempt from disclosure;

g. Award Plaintiffs' costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

h. Grant other such relief as the Court may deem just and proper.

Date: June 24, 2025                                Respectfully submitted,

/s/ Raul Pinto
Raul A. Pinto (DC Bar No. 90013180)
American Immigration Council
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7549 | rpinto@immcouncil.org


/s/ Jennifer Coberly
Jennifer Coberly (DC Bar No. 90031302)
American Immigration Lawyers Association
1331 G Street NW, Suite 300
Washington, DC 20005
(202) 507-7600 | jcoberly@aila.org