UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, PMB2026, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Civil Action No. 25-1973 (ACR) |

## **ANSWER**

Defendants, United States Department of Homeland Security ("DHS") and United States Citizenship and Immigration Services ("USCIS") (collectively, "Defendants"), by and through undersigned counsel, hereby respond to the Complaint filed by Plaintiff American Immigration Council, PMB2026, and Plaintiff American Immigration Lawyers Association alleging violations of the Freedom of Information Act ("FOIA").

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action.  Defendants expressly deny all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.  Defendants respond to the Complaint in like numbered paragraphs as follows:

# INTRODUCTION[1]

Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants respond to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

## **INTRODUCTION**

1.  Paragraph 1 contains Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiffs bring this action pursuant to the FOIA and that USCIS is a subcomponent of DHS.

2.  To the extent the allegations in paragraph 2 (including the allegations, if any, in footnote 1) seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3. To the extent the allegations in paragraph 3 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4. The allegations in paragraph 4 are Plaintiffs' characterizations of this lawsuit and the FOIA requests that are the subject of this lawsuit and thus no response is required. To the extent a response is deemed required, Defendants admit that this is a lawsuit under FOIA, and Defendant DHS and Defendant USCIS each admits that they each received a FOIA request from Plaintiffs on April 8, 2025. Defendants respectfully refer the Court to the April 8, 2025, requests attached to the Complaint as the best evidence of their contents and deny any allegations inconsistent therewith.

5. Defendants admit no determination had been made regarding Plaintiffs' FOIA requests as of the date of the Complaint.

6. Paragraph 6 contains Plaintiffs' characterization of this action and description of the relief they seek, to which no response is required. To the extent a response is deemed required,

Defendants only admit that Plaintiffs bring this action pursuant to the FOIA and deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## JURISDICTION AND VENUE

7. This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

8. This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

## PARTIES

9. The allegations in this paragraph are Plaintiff American Immigration Counsel's characterizations of itself to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

10. The allegations in this paragraph are Plaintiff American Immigration Lawyers Association's characterization of itself to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations contained within this paragraph.

11. Defendants admit that DHS is an Agency of the United States government. The remaining allegations in paragraph 11 are immaterial to this action and do not contain allegations

of fact but rather conclusions of law and thus no response to them is required. To the extent a response is deemed required, Defendants deny the remaining allegations in this paragraph.

12. Defendants admit that USCIS is a component of DHS which is an Agency of the United States government. The remaining allegations in paragraph 12 are immaterial to this action do not contain allegations of fact but rather conclusions of law and thus no response to them is required. To the extent a response is deemed required, Defendants deny the remaining allegations in this paragraph.

## STATEMENT OF FACTS

### I. Adjustment of Status Applications

13. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent the allegations in paragraph 13 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, and to the extent the allegations in paragraph 14 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest,

including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15.     The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, and to the extent the allegations in paragraph 15 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.     The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, and to the extent the allegations in paragraph 16 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in

support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17. To the extent the allegations in paragraph 17 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18. To the extent the allegations in paragraph 18 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

  **II.** **USCIS' Temporary Suspension in Processing Green Card Applications Filed by Refugees and Asylees**

19. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent the allegations in paragraph 19 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20. To the extent the allegations in paragraph 20 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21. To the extent the allegations in paragraph 21 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22. To the extent the allegations in paragraph 22 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief

or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23. To the extent the allegations in paragraph 23 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### III. Plaintiffs' FOIA Requests

#### a. *FOIA Request to DHS*

24. Defendant DHS admits it received a FOIA request from Plaintiffs on April 8, 2025. Defendant DHS respectfully refers the Court to the April 8, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith. With respect to the remaining allegations in this paragraph, to the extent they seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not

set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25. The allegations in paragraph 25 are Plaintiffs' characterizations of its FOIA request to DHS. Defendant DHS respectfully refers the Court to the April 8, 2025, request attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

26. The allegations in paragraph 26 are Plaintiffs' characterizations of its FOIA request to DHS. Defendant DHS respectfully refers the Court to the April 8, 2025, email attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

27. Defendant DHS admits it acknowledged Plaintiffs' FOIA request on April 10, 2025. Defendant DHS respectfully refers the Court to the April 10, 2025, email attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

28. Defendant DHS admits it conditionally granted Plaintiffs' fee waiver request. Defendant DHS respectfully refers the Court to the April 10, 2025, email attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

29. Defendant DHS denies it received Plaintiffs' appeal to their conditional grant of Plaintiffs' fee waiver. Defendant DHS avers that it does not have a record of Plaintiff's appeal.

30. Defendant DHS avers that DHS could not have responded to Plaintiff's administrative appeal to their conditional grant of Plaintiffs' fee waiver because Defendant DHS denies it received Plaintiffs' appeal to their conditional grant of Plaintiff's fee waiver. Defendant DHS further avers that it does not have a record of Plaintiff's appeal.

31. Defendant DHS admits that DHS has not made a final determination as to Plaintiff's FOIA request at the time of their filing. However, Defendant DHS further avers that by letter dated August 15, 2025, DHS issued an interim response to Plaintiffs regarding their request. For

this production, DHS reviewed 406 pages, of which 6 pages were released in full, 69 pages were released in part pursuant to FOIA exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E), 116 pages were withheld in full pursuant to FOIA exemptions (b)(5) and b(7)(E), 25 pages were sent for consultation to a non-party agency, these 25 pages that were sent for consultation were subsequently determined by DHS to be non-responsive, 171 pages are duplicates, and 19 pages were referred to USCIS for direct response to the Plaintiff.

32. Defendant DHS admits at the time of filing the DHS electronic portal available to track the status of FOIA request showed that the status of Plaintiffs' request was "Searching for Records." However, DHS further avers that it completed the search and made its first production on August 15, 2025.

### b. FOIA Request to USCIS

33. Defendant USCIS admits only that it received a FOIA request from Plaintiffs on April 8, 2025. The remainder of the allegations in paragraph 33 are Plaintiffs' characterizations of its FOIA request to USCIS. Defendants respectfully refer the Court to the April 8, 2025, request attached to the Complaint as the best evidence of its contents and deny any allegations inconsistent therewith. To the extent the allegations in paragraph 33 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief

or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

34. The allegations in paragraph 34 are Plaintiffs' characterizations of its FOIA request to USCIS. Defendants respectfully refer the Court to the April 8, 2025, request attached to the Complaint as the best evidence of its contents and deny any allegations inconsistent therewith.

35. Defendant USCIS admits only that it sent Plaintiffs an acknowledgement letter dated April 8, 2025, via an email on April 15, 2025. The remainder of the allegations in paragraph 35 are Plaintiffs' characterizations of USCIS's acknowledgement letter dated April 8, 2025. Defendants respectfully refer the Court to the April 8, 2025, acknowledgment letter as the best evidence of its contents and deny any allegations inconsistent therewith.

36. Defendant USCIS admits only that it granted Plaintiffs' request for a fee waiver. The remainder of the allegations in paragraph 36 are Plaintiffs' characterizations of USCIS's acknowledgement letter dated April 8, 2025. Defendants respectfully refer the Court to the April 8, 2025, acknowledgment letter as the best evidence of its contents and deny any allegations inconsistent therewith.

37. The allegations in paragraph 37 are Plaintiffs' characterizations of USCIS's acknowledgement letter dated April 8, 2025. Defendants respectfully refer the Court to the April 8, 2025, acknowledgment letter as the best evidence of its contents and deny any allegations inconsistent therewith.

38. Defendants admit that as the date of the filing of the Complaint Defendant USCIS had not made a final determination as to Plaintiffs' request for records. However, Defendants further aver that by letter dated July 21, 2025, USCIS issued an interim response to Plaintiffs regarding their request. For this production, USCIS reviewed 13 pages, of which 1 page was

released in full, 1 page was released in part pursuant to FOIA exemption (b)(6), and 11 pages were sent to DHS for consultation. By letter dated August 4, 2025, USCIS issued a response on the 11 pages sent to DHS. For this production, USCIS released 11 pages in part in pursuant to FOIA exemptions (b)(5), (b)(6) and (7)(E).

39. Defendants admit that as of the date of the filing of the Complaint, the USCIS electronic portal showed the status of Plaintiffs' request as "In Process."

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF: FAILURE TO CONDUCT A REASONABLE SEARCH**

40. Defendants incorporate by reference their responses to Paragraphs 1 through 39 as if fully restated herein.

41. Paragraph 41 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

42. Paragraph 42 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

43. Paragraph 43 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

**SECOND CLAIM FOR RELIEF: FAILURE TO MAKE RESPONSIVE RECORDS PROMPTLY AVAILABLE**

44. Defendants incorporate by references their responses to Paragraphs 1 to 43 as if fully restated therein.

45. Paragraph 45 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

46. Paragraph 46 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

47. Paragraph 47 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

### THIRD CLAIM FOR RELIEF: DENIAL OF A FULL FEE WAIVER AS TO DEFENDANT DHS

48. Defendants incorporate by references their responses to Paragraphs 1 to 47 as if fully restated therein.

49. Paragraph 49 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

50. Paragraph 50 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

51. Paragraph 51 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

### REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

### DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA. 5 U.S.C. § 552(b).

**THIRD DEFENSE**

Plaintiffs are not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

Plaintiffs are neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**FIFTH DEFENSE**

Plaintiffs are not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

**SIXTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim,

would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## SEVENTH DEFENSE

Defendant DHS did not receive Plaintiffs' appeal of DHS' conditional grant of its fee waiver.

## EIGHTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiffs under the FOIA.

## NINTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## TENTH DEFENSE

Defendants have exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiff's FOIA request.

Dated: September 12, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Mason D. Bracken*
MASON D. BRACKEN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2523
mason.bracken@usdoj.gov

*Attorneys for the United States of America*